J-S20040-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: ADOPTION OF: D.M.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: D.B. | : | No. 1732 WDA 2018 |

Appeal from the Order Entered October 24, 2018
In the Court of Common Pleas of Westmoreland County
Orphans' Court at No(s):  No. 117 of 2018

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    FILED MAY 02, 2019

Appellant, D.B. ("Father"), appeals from the order entered in the Westmoreland County Court of Common Pleas, Orphans' Court, which granted the petition for involuntary termination of his parental rights to his minor child, D.M.B. (born in April 2013).  We affirm.

The relevant facts and procedural history of this case are as follows.  On April 1, 2017, the Westmoreland County Children's Bureau ("Agency") received a referral regarding Child due to deplorable conditions in the home.  Specifically, there were no utilities running, little food, the house was infested with bed bugs, and Child had access to hypodermic needles.  Initially, the parents avoided communication with the Agency and refused to agree to a safety plan.  On June 16, 2017, Father agreed to participate in a safety plan and to the Agency's removal of Child from the home and into Paternal Grandmother's care.  The court held a shelter care hearing on June 19, 2017, at which time the court continued Child's placement with Paternal

Grandmother.

On July 21, 2017, the court adjudicated Child dependent. The Agency directed Father, inter alia, to undergo a drug and alcohol evaluation, comply with random drug screens, participate in parenting classes and life skills services, and follow recommended treatment. Father failed to take appropriate steps to arrange for the drug and alcohol evaluation. Additionally, Father missed numerous drug screens and tested positive for cocaine eight times. Father attended some supervised visits with Child, but he did not take advantage of all visits offered. Father has not visited Child since April 2018. Further, Father did not secure stable and appropriate housing or employment.

The Agency filed a petition for involuntary termination of Father's parental rights on August 23, 2018, under 23 Pa.C.S.A. § 2511(a)(8) and (b). The court held a termination hearing on October 24, 2018, which Father failed to attend.[1] The Agency presented testimony from caseworker Brandi Schweizer that Child is excelling in the care of Paternal Grandmother, who is a pre-adoptive resource for Child; Child's preferred outcome is to live with Paternal Grandmother; and termination of Father's parental rights serves Child's best interests. (N.T. Termination Hearing, 10/24/18, at 15-16). Child's attorney-guardian ad litem ("GAL") confirmed that termination of Father's parental rights serves Child's best interests. (Id. at 23). By order

_____

[1] Father's counsel attended the hearing and stated Father was contesting termination.

- 2 -

entered that day, with Pa.R.C.P. 236 notice sent to Father on October 25, 2018, the court granted the petition for involuntary termination of Father's parental rights to Child.[2]  Father timely filed a notice of appeal on Monday, November 26, 2018, along with a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i).

Father raises one issue for our review:

> WHETHER THE TRIAL COURT ERRED IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT THE WESTMORELAND COUNTY CHILDREN'S BUREAU MET ITS BURDEN, UNDER 23 PA.C.S. § 2511(B), THAT THE BEST INTEREST OF CHILD IS MET BY TERMINATING FATHER'S PARENTAL RIGHTS WHEN IT IS NOT CLEAR FROM THE RECORD THAT THE STATUTORY REQUIREMENTS OF 23 PA.C.S. § 2313(A) WERE MET?

(Father's Brief at 4).

The standard and scope of review applicable in termination of parental rights cases are as follows:

> When reviewing an appeal from a decree terminating parental rights, we are limited to determining whether the decision of the trial court is supported by competent evidence.  Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand.  Where a trial court has granted a petition to involuntarily terminate parental rights, this Court must accord the hearing judge's decision the same deference that it would give to a jury verdict.  We must employ a broad, comprehensive review of the record in order to determine whether the trial court's decision is supported by competent evidence.
>
> Furthermore, we note that the trial court, as the finder of

---

[2] The court also terminated Mother's parental rights to Child; Mother is not a party to this appeal.

- 3 -

fact, is the sole determiner of the credibility of witnesses and all conflicts in testimony are to be resolved by the finder of fact. The burden of proof is on the party seeking termination to establish by clear and convincing evidence the existence of grounds for doing so.

The standard of clear and convincing evidence means testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitation, of the truth of the precise facts in issue. We may uphold a termination decision if any proper basis exists for the result reached. If the trial court's findings are supported by competent evidence, we must affirm the court's decision, even though the record could support an opposite result.

In re Adoption of K.J., 936 A.2d 1128, 1131-32 (Pa.Super. 2007), appeal denied, 597 Pa. 718, 951 A.2d 1165 (2008) (internal citations omitted).

Father argues the court did not appoint separate legal-interests counsel for Child for the termination hearing. Father asserts Child was 5½ years old at the time of the hearing and could articulate a preferred outcome in the matter. Father contends the record does not disclose whether Child's GAL represented Child's legal interests. Father claims the record fails to indicate whether Child's best interests and legal interests were aligned. Father concludes the court failed to abide by Section 2313(a), and this Court must remand for the appointment of separate legal-interests counsel for Child and a new termination hearing.[3] We disagree.

Section 2313 of the Domestic Relations Code governs representation of

_____

[3] Father does not challenge the court's termination decision under Section 2511(a)(8) and (b), so we need not discuss it.

Children in a contested termination proceeding, in pertinent part, as follows:

> § 2313.  Representation
>
> (a)  Child.—The  court  shall  appoint  counsel  to represent the child in an involuntary termination proceeding when the proceeding is being contested by one or both of the parents.  The court may appoint counsel or a guardian ad litem to represent any child who has not reached the age of 18 years and is subject to any other proceeding under this part whenever it is in the best interests of the child.  No attorney or law firm shall represent both the child and the adopting parent or parents.

23 Pa.C.S.A. § 2313(a).  Our Supreme Court recently interpreted and applied Section 2313(a) as follows:

> [A] majority of the Court agreed on several points:  (a) in the  context  of  contested  termination-of-parental-rights ("TPR") proceedings, the first sentence of Section 2313(a) requires that the common pleas court appoint an attorney to represent the child's legal interests, i.e., the child's preferred outcome; (b) where there is a conflict between the child's legal interests and his best interests, an attorney-guardian ad litem (an "attorney-GAL"), who advocates for the child's best interests, cannot simultaneously represent the child's legal interests; and (c) in such a circumstance, the failure to appoint a separate attorney to represent the child's legal interests constitutes structural error, meaning it is not subject to a harmless-error analysis.

In re T.S., ___ Pa. ___, 192 A.3d 1080, 1082 (2018), cert. denied, ___ U.S. ___, 139 S.Ct. 1187 (2019) (summarizing agreed-upon positions of In re Adoption of L.B.M., 639 Pa. 428, 161 A.3d 172 (2017)) (internal footnotes omitted).  Our Supreme Court has made clear:  "The statutory right under Section 2313(a) belongs to the child, not the parent."  T.S., supra at ___, 192 A.3d at 1087.  Thus, "the failure of any party...to affirmatively request

separate counsel for the children cannot...[constitute] waiver." *Id.*

Additionally, the court's failure to appoint separate legal counsel does not constitute reversible error, so long as the child is represented by an attorney-GAL and the record makes clear no conflict exists between the child's best interests and legal interests. *See, e.g., In re K.R.*, 200 A.3d 969 (Pa.Super. 2018) (en banc) (holding court's failure to appoint separate counsel to represent children's legal interests did not constitute reversible error, where attorney-GAL expressed children's preferences on record and confirmed no conflict existed between children's legal and best interests); *In re G.M.S.*, 193 A.3d 395 (Pa.Super. 2018) (declining to remand for appointment of separate legal counsel, where expert testified at termination hearing that she interviewed child who preferred to be adopted by maternal grandmother; child's legal interests were aligned with child's best interests).

Instantly, Father raised the issue concerning appointment of separate legal counsel for Child for the first time on appeal, but we can review it. *See In re T.S.*, supra. At the termination hearing on October 24, 2018, Child was five years old. The record shows the court did not appoint separate legal counsel for Child for the termination proceeding. The Agency caseworker, however, expressly stated that Child's preferred outcome is to live with Paternal Grandmother. The attorney-GAL confirmed termination of Father's parental rights is in Child's best interests. Thus, Child's legal interests were expressed on the record, are aligned with Child's best interests, and there is

no reversible error here. See In re K.R., supra; In re G.M.S., supra.
Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/2019